IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALVIN KARL HARRIS,**

        **Plaintiff,**

        v.                          **CASE NO.  16-3055-SAC-DJW**

**SEDGEWICK COUNTY**
**SHERIFF'S DEPARTMENT, ET AL.,**

        **Defendants.**

### NOTICE AND ORDER TO SHOW CAUSE

Plaintiff is hereby required to show good cause in writing to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. If plaintiff fails to show good cause within the time prescribed herein, this action may be dismissed without further notice.

Mr. Harris, while an inmate of the Leavenworth Detention Center in Leavenworth, Kansas,[1] filed this pro se civil complaint under 42 U.S.C. § 1983. He proceeds in forma pauperis.[2] Plaintiff alleges that while incarcerated in the Sedgwick County Jail, he slipped in a

---

[1] Plaintiff has since notified the Court of his transfer to the United States Penitentiary, Leavenworth, in Leavenworth, Kansas. (Doc. 6).

[2] On March 24, 2016, the court granted plaintiff's motion for leave to proceed in forma pauperis and allowed plaintiff to proceed without paying an initial partial filing fee because plaintiff's trust account contained insufficient funds with which to do so. (Doc. 4). Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $350.00 in this action. The finance office of the facility where he is housed will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. *See* 28 U.S.C. § 1915(b). Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

puddle of water, fell, and injured his back.  He brings a cause of action for negligence against Sedgwick County and the Sedgwick County Sheriff's Department.

The court is required by statute to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A pro se party's complaint must be given a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A negligent act does not violate the United States Constitution and is therefore not a deprivation of rights under 42 U.S.C. § 1983.  *Daniels v. Williams,* 474 U.S. 327, 332 (1986). Accordingly, plaintiff has presented no actionable claim upon which relief can be granted and this matter is subject to summary dismissal.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is given twenty-one (21) days to show good cause in writing to the Honorable Sam A. Crow, United States Senior District Judge, why plaintiff's complaint should not be dismissed for failing to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

Dated this 29th day of June, 2016, in Kansas City, Kansas.

          **<u>s/ David J. Waxse</u>**
          **David J. Waxse**
          **U.S. Magistrate Judge**